UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
KATHERIN KASIMIS,                                           :
                              Plaintiff,                    :   **MEMORANDUM**
                                                            :   **DECISION AND ORDER**
            - against -                                     :
                                                            :   15 Civ. 2221 (BMC)
TJX COMPANIES, INC., ONE MAIN STREET                        :
EDGEWATER LLC, and I PARK                                   :
EDGEWATER LLC,                                              :
                                                            :
                              Defendants.                   :
----------------------------------------------------------- X

**COGAN**, District Judge.

This is a slip and fall action with jurisdiction purportedly based on diversity of citizenship. The accident occurred in New Jersey. Plaintiff's complaint did not allege facts showing that the Court had diversity jurisdiction. The Court issued an Order to Show Cause, pointing out the defects, since it has an obligation to examine its subject matter jurisdiction *sua sponte*. See Joseph v. Leavitt, 465 F.3d 87, 89 (2d Cir. 2006). Plaintiff has filed an amended complaint. It still does not allege facts showing diversity jurisdiction, and the case is accordingly dismissed.

I accept plaintiff's allegation that she is a citizen of New York. The defendants are The TJX Companies, Inc. ("TJX"), One Main Street Edgewater LLC ("One Main"), and 1 Park Edgewater LLC ("1 Park"). As to TJX, plaintiff alleges that it is a New Jersey Corporation with its principal place of business in New Jersey, *and* that it is a Massachusetts corporation with its principal place of business in Massachusetts, *and* that it is Delaware corporation with its principal place of business in Delaware. She also alleges that it is a "foreign corporation duly licensed to do business in" New Jersey, and that it transacts business in New Jersey.

As I pointed out to plaintiff in the Order to Show Cause, which she has apparently ignored, contradictory allegations cannot establish citizenship for purposes of invoking diversity. It cannot be that TJX is a corporation under the laws of three different states with its principal place of business in three different states. Because the allegations are contradictory, they allege no citizenship at all. As the Supreme Court held long ago in <u>Brown v. Keene</u>, 8 Pet. (33 U.S.) 112, 144 (1834) (Marshall, C.J.), "the averment of jurisdiction shall be positive – that the declaration shall state expressly the fact upon which jurisdiction depends. It is not sufficient, that jurisdiction may be inferred, argumentatively, from its averments." More pointedly, the Seventh Circuit held in <u>Belleville Catering Co. v. Champaign Market Place, L.L.C.</u>, 350 F.3d 691, 692-93 (7th Cir. 2003), that

> Once again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money. . . . Counsel tells us that, because the lease between Belleville Catering and Champaign Market Place refers to Belleville Catering as "a Missouri corporation," he assumed that it must be one. That confesses a violation of Fed. R. Civ. P. 11. . . . [C]ounsel must secure jurisdictional details from original sources before making formal allegations.

It takes no major effort to ascertain the citizenship of a public corporation. There are readily available public records that every plaintiff's lawyer who wants to bring a diversity case must consult.

The jurisdictional allegations against One Main and One Park are equally defective for a different reason. The only jurisdictional allegation as to each of them is that they are "limited liability compan[ies] doing business in the State of New Jersey." This does not say anything about their citizenship. It is firmly established that the citizenship of a limited liability company is that of each of its members. See <u>Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC</u>, 692 F.3d 42, 49 (2d Cir. 2012) (holding that the defendant limited

liability company takes the citizenship of each of its members); Handelsman v. Bedford Village Associates Ltd. Partnership, 213 F.3d 48 (2d Cir. 2000) (same with respect to limited partnerships). This means that to allege the citizenship of a limited liability company, a plaintiff must identify each of its members and allege their citizenship; if any of them are in turn limited liability companies, limited partnerships, or corporations, then the citizenship of each must be identified until the citizenship of every individual and corporation having a direct or indirect ownership interest in the limited liability company is alleged. In the instant case, the amended complaint contains not even the first level of required jurisdictional allegations.

Unlike corporations, which have publicly filed records, it is often not easy to invoke diversity jurisdiction over a limited liability company or a limited partnership. State laws generally do not require disclosure of members of limited liability companies or limited partners of limited partnerships, and public records therefore often do not contain the type of ownership information that is required to allege diversity jurisdiction. This does not relieve a plaintiff of her burden to allege facts sufficient to show citizenship. It simply means that more research and inquiry must be performed, and in some cases, it will not be possible, consistent with Fed. R. Civ. P. 11, to make the necessary allegations to support diversity jurisdiction. Especially in a case like this, that is no real hardship; there is no reason that the New York Supreme Court – or the New Jersey Superior Court, where this accident happened – is not competent to adjudicate a slip and fall action.

Finally, although the Court is not dismissing on this basis, it is noteworthy that there may not be any basis for venue in this district, and even if there is, the action, if the Court had diversity jurisdiction, would likely be transferred to New Jersey. Plaintiff is apparently confusing state law, which allows venue where the plaintiff resides (see New York C.P.L.R. §

3

503), with federal law, which does not.  Under 28 U.S.C. § 1391, a plaintiff must lay venue in the district where the claim arose – here, New Jersey – or where defendant resides.  There seems to be no reason for venue to be in this district when the accident occurred in another district except that plaintiff resides here, which is not controlling in federal practice.  However, I need not determine venue since diversity jurisdiction has not been adequately alleged.

Plaintiff has had two chances to plead facts showing this Court's jurisdiction and has failed to do so.  Accordingly, the case is dismissed for lack of subject matter jurisdiction, without prejudice to recommencement in a state court of competent jurisdiction.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
April 28, 2015